David H. Madden
Mersenne Law
9600 S.W. Oak Street
Suite 500
Tigard, Oregon  97223
(503)679-1671
ecf@mersenne.com

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **GLACIER FILMS (USA) INC.** *and* **GLACIER FILMS 1 LLC**,<br>*Plaintiffs*<br><br>*v.*<br><br>**Andrey TURCHIN**,<br>*Defendant* | Civil Action No.: ………..3:15-cv-01817-SB<br><br>**DEFENDANT'S ANSWER** |

**FOR** his Answer and defense of the complaint of copyright infringement filed by GLACIER FILMS (USA) INC. and GLACIER FILMS 1 LLC (together "GLACIER"), defendant Andrey TURCHIN admits, denies and alleges as set forth below.  To the extent not specifically admitted or denied, TURCHIN generally denies each and every allegation in the complaint.  In particular, Defendant denies each and every allegation for which he lacks information to admit or deny.

1. TURCHIN admits that the present action arises under the U.S. Copyright Act, 17

U.S.C. §§ 101 *et seq*.

2.    TURCHIN admits that the Court has subject matter jurisdiction.

3.    TURCHIN admits that venue in this district is proper.

4.    Defendant lacks information to admit or deny GLACIER FILMS (USA) INC.'s corporate form and nature of its business.

5.    Defendant lacks information to admit or deny GLACIER FILMS 1 LLC's corporate form and nature of its business.

6.    Defendant lacks information to admit or deny GLACIER's ownership of any interest in the motion picture *Amercan Heist* ("the MOVIE").  The balance of paragraph 6 is denied as irrelevant.

7.    Defendant lacks information to admit or deny the alleged planned release schedule for the MOVIE.

8.    Defendant admits that GLACIER FILMS (USA) INC. is listed in the records of the U.S. Copyright Office in connection with registration no. PA0001938638 for a motion picture entitled *American Heist*, first published in the Russian Federation.  He lacks information to admit or deny any relationship between the subject of this registration and the MOVIE.

9.    Defendant admits that GLACIER FILMS 1 LLC is listed in the records of the U.S. Copyright Office in connection with registration no. PAu003681371 for a screenplay entitled *American Heist*, containing text from *The Great St. Louis Bank Robbery*.  He lacks information to admit or deny any relationship between the subject of this registration and the MOVIE.

10.    Defendant admits that the materials on deposit with the U.S. Copyright Office are

presumptively eligible for copyright protection in the United States.

11.    Defendant lacks information to admit or deny whether Plaintiffs are the "proprietors" of any interests whatsoever. Plaintiffs have failed to identify the "interests necessary to bring suit," so Defendant is unable to determine whether Plaintiffs possess any such interest.

12.    Defendant admits that a DVD of the same title as the MOVIE can currently be purchased from Amazon for $0.50. He lacks information to admit or deny whether the content of such a DVD is the MOVIE.

13.    Defendant denies having notice of Plaintiffs' purported rights through any of the channels asserted by Plaintiffs.

14.    Defendant admits that his name is Andrey TURCHIN, and that he lives in Clackamas, Oregon. He lacks information to admit or deny his "confirmation" as "DOE-73.164.151.227."

15.    Defendant lacks information to admit or deny Plaintiffs' purported observations. He denies that Plaintiffs' characterizations of legal responsibility are correct.

16.    Defendant admits that he has used software believed to implement the BitTorrent protocol to download electronic information to his personal computer. He lacks information to admit or deny the copyright status of such electronic information. Defendant denies all other factual allegations of paragraph 16.

17.    Defendant admits that certain portions of the equipment through which Internet service is provided to his residence, have been password-protected at some relevant times.

## ANSWER TO PLAINTIFFS' CLAIM FOR RELIEF

18. Defendant admits downloading a single copy of electronic information which he believes to be the MOVIE, from a BitTorrent network, without permission or consent of Plaintiffs.  He lacks information to admit or deny whether this information comprises material in which Plaintiffs possess any rights.  Defendant denies all other factual allegations of paragraph 18.

19. Defendant lacks information to admit or deny the legal conclusion of paragraph 19.

20. Defendant denies the legal conclusions of paragraph 20.  He denies the factual allegation that he intended to deprive Plaintiffs of income or cause them harm.

21. Defendant lacks information to admit or deny whether Plaintiffs possess any exclusive rights under 17 U.S.C. § 106 or whether any such purported rights have been violated.

22. Defendant lacks information to admit or deny whether Plaintiffs or either of them are entitled to damages under 17 U.S.C. § 504 or attorney fees and costs pursuant to 17 U.S.C. § 505.

23. Defendant denies that his conduct is currently causing or will in the future cause any harm to Plaintiffs.

24. Defendant denies that Plaintiffs are entitled to injunctive relief.

## AFFIRMATIVE DEFENSES

25. Plaintiffs GLACIER FILMS (USA) INC. and GLACIER FILMS 1 LLC and/or their authorized agents participated in BitTorrent swarms, and so any download committed by Defendant (or by anyone for whom Defendant was responsible, as well as by any

other "infringer" who participated in the BitTorrent swarms) was from a source authorized to permit such download.  Consequently, any exercise by Defendant of an exclusive right protected by the Copyright Act was with the consent of an authorized party and not in derogation of any exclusive right.

26. Any downloading or uploading of the copyrighted work was permitted by the doctrine of fair use.

27. Any downloading or uploading of the copyrighted work was no more than a *de minimis* act.

28. Any downloading or uploading of less than all of the copyrighted work results in a non-functional copy (i.e., a partial copy that cannot under any circumstances be used to infringe any of Plaintiffs' purported exclusive rights.)  Therefore, no infringement of Plaintiffs' rights has occurred or can occur.

29. Any partial copy of the copyrighted work is overwhelmingly likely to lack a proper copyright notice.  In the absence of such notice, Plaintiffs' asserted enhanced damages are not available.

30. Any portion of the copyrighted work that was downloaded or uploaded by Defendant or by anyone for whom Defendant is responsible is not eligible for copyright protection under the doctrine of *scènes à faire*.

31. Any portion of the copyrighted work that was downloaded or uploaded by Defendant or by anyone for whom Defendant is responsible is not eligible for copyright protection due to lack of original expressive content.

22. The infringement of Plaintiff's purported rights that allegedly occurred through the concerted, common and conspiratorial action of individuals participating in a

BitTorrent swarm constituted a single instance of infringement for which the participating individuals are jointly and severally liable, and for which Plaintiffs can only recover a single statutory damage award.  Upon information and belief, Plaintiffs have been made whole by one or more settling individuals.  Any further recovery would be in excess of statutory limits and of actual damages.

### PRAYER FOR RELIEF

For the foregoing reasons, Defendant prays that this Court grant judgment in his favor, including:

1. A determination that he did not directly infringe Plaintiffs' copyrights by any action or inaction;
2. A determination that he did not indirectly infringe Plaintiffs' copyrights by any action or inaction;
3. Defendant's costs and reasonable attorney fees for his successful defense of Plaintiffs' infringement claims under 17 U.S.C. § 505; and
4. Such other relief as the Court deems appropriate.

24 June 2016

| Date | David H. Madden, SBN OR080396 |
|---|---|
| | Attorney for Defendant Andrey TURCHIN |
| | Mersenne Law |
| | 9600 S.W. Oak Street |
| | Suite 500 |
| | Tigard, Oregon 97223 |
| | dhm@mersenne.com |
| | (503)679-1671 |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the document entitled:

**DEFENDANT'S ANSWER**

was served upon the parties listed below on the date indicated,

- ☐ by following state law for serving a summons in an action brought in courts of general jurisdiction where the district court is located or where service is made:

    - ☐ by delivery of a true copy of the document to the party to be served;

    - ☐ by delivering a true copy of the document to the dwelling house or usual place of abode of the person to be served, to any person 14 years of age or older residing in the dwelling house or usual place of abode of the person to be served;

    - ☐ by leaving a true copy of the document during working hours at an office maintained by the party to be served for the conduct of business, with the person who is apparently in charge;

    - ☐ by mailing a true copy of the document to the party by first class mail and by any of the following: certified, registered, or express mail with return receipt requested;

- ☐ by delivering a copy of the document to the individual personally;

- ☐ by leaving a copy of the document at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;

- ☐ by delivering a copy of the document to an agent authorized by appointment or by law to receive service of process;

- ☒ by electronic filing notification (PACER); *or*

- ☐ other:  courtesy copy by electronic mail to  carl@crowell-law.com

Carl D. Crowell, Esq.
Crowell Law
943 Liberty Street S.E.
P.O. Box 923
Salem, Oregon  97308-0923
Attorney for Plaintiffs GLACIER FILMS USA INC. and GLACIER FILMS 1 LLC

24 June 2016
Date                                    David H. Madden