IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GLACIER FILMS (USA), INC. and
GLACIER FILMS 1, LLC,

Plaintiffs,

v.

ANDREY TURCHIN, FKA Doe-
73.164.151.227,

Defendant.

Case No. 3:15-cv-01817-SB

**OPINION AND ORDER**

**BECKERMAN, U.S. Magistrate Judge.**

This matter comes before the Court on Plaintiffs Glacier Films (USA), Inc. and Glacier

Films 1, LLC's (collectively, "Glacier") motion for attorney's fees.[1] For the reasons that follow,

the Court grants Glacier's motion for attorney's fees and awards attorney's fees in the amount of

$4,833.45.

---

[1] The Court vacated its Opinion and Order dated August 10, 2016, denying Glacier's
motion for attorney's fees. The Court did not, however, vacate the August 10, 2016 Opinion and
Order, to the extent it granted Glacier's bill of costs. *See* ECF No. 54 (stating that the Opinion
and Order is vacated, consistent with the Ninth Circuit's reversal of the Court's Opinion and
Order denying Glacier's motion for attorney's fees). Accordingly, Glacier's bill of costs is not at
issue here.

PAGE 1 – OPINION AND ORDER

## BACKGROUND

Glacier holds valid and enforceable copyrights in the film *American Heist*. *American Heist* was scheduled for theatrical release in January 2015, but it leaked prematurely on BitTorrent, a peer-to-peer file sharing network. After tracking an infringing Internet Protocol ("IP") address to Oregon, Glacier brought suit in this district against a John Doe (the "Doe defendant") and subpoenaed records from Comcast to determine the identity of the Doe defendant. Comcast records revealed that Andrey Turchin ("Turchin") was the owner of the IP address, which had distributed *American Heist* 80 times and was associated with over 700 other titles.

After learning that Turchin was the owner of the IP address, Glacier's counsel sent two letters to Turchin in an attempt to find out who downloaded *American Heist*. Turchin was non-responsive. As a result, Glacier's counsel sought and obtained leave to depose Turchin. During his deposition, Turchin admitted to downloading copyrighted content, including *American Heist*, right up until the day before his deposition. Glacier amended its complaint and substituted Turchin in place of the Doe defendant. Glacier's counsel also sent Turchin a letter advising him of this district's pro bono program so that he could obtain assistance in filing a responsive pleading. Glacier's counsel eventually filed a motion for default because Glacier's counsel was not able to establish contact with Turchin over the course of the next three months.

Before entering default, the Court appointed pro bono counsel, who: (1) filed an answer raising various affirmative defenses, denying Turchin's liability, and seeking attorney's fees and costs; and (2) provided Glacier with a Fed. R. Civ. P. 68 Offer of Judgment in which Turchin offered to pay $2,501 to Glacier in exchange for Glacier's agreement that the sum would satisfy all suit-related debts and obligations, including any claim for damages, attorney's fees, and costs. Shortly thereafter, Turchin filed an amended answer that removed five of the seven originally-

PAGE 2 – OPINION AND ORDER

pled affirmative defenses but continued to deny liability and assert an entitlement to attorney's fees and costs.

The parties later conferred and reached a stipulated consent judgment. Under the terms of the agreement, Turchin stipulated to Glacier's allegations that gave rise to liability for the infringement of Glacier's rights; agreed to an award of $750 in statutory damages; and agreed to an injunction that permanently enjoined Turchin from using the Internet to reproduce, copy, or publish *American Heist*, and required him to delete any unlicensed copies of *American Heist* in his possession. Turchin also agreed to an award of reasonable attorney's fees, to be determined by this Court in accordance with the terms of the Copyright Act and FED. R. CIV. P. 54.

## ANALYSIS

### I.    STANDARD OF REVIEW

The Copyright Act states that a district court "may . . . award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. The Supreme Court has provided the following nonexclusive list of factors for district courts to consider in a making a fee determination under the Copyright Act: (1) frivolousness; (2) motivation; (3) "objective unreasonableness (both in the factual and in the legal components of the case)"; and (4) "the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994). The Ninth Circuit has held that courts may also consider these factors: "[T]he degree of success obtained in the litigation, the purposes of the Copyright Act, and 'whether the chilling effect of attorney's fees may be too great or impose an inequitable burden on an impecunious [litigant].'" *Glacier Films (USA), Inc. v. Turchin*, 896 F.3d 1033, 1037 (9th Cir. 2018) (quoting *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 675 (9th Cir. 2017)). Furthermore, the Ninth Circuit has "emphasized that district courts should 'accord substantial weight to' the 'reasonableness of [the] losing party's legal and

factual arguments.'" *Id.* (quoting *Shame On You Prods., Inc. v. Banks*, 893 F.3d 661, 666 (9th Cir. 2018)).

## II.    DISCUSSION

As explained below, the Court finds that the following factors support granting Glacier's motion for attorney's fees: (1) Glacier's degree of success in the litigation; (2) deterrence; (3) furtherance of the purposes of the Copyright Act; and (4) the objective unreasonableness of the losing party's (Turchin's) litigation conduct. Accordingly, the Court grants Glacier's motion and awards attorney's fees in the amount of $4,833.45.[2]

### A.    The Degree of Success in the Litigation

In this case, "Glacier's infringement suit against Turchin was a 'total success.'" *Glacier*, 896 F.3d at 1038 (quoting *Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 890 (9th Cir. 1996)). Glacier alleged that Turchin willfully violated Glacier's exclusive rights under the Copyright Act, and Turchin admitted to illegally downloading *American Heist* during his deposition and stipulated to the facts giving rise to liability and an award of statutory damages. Furthermore, the fact that "Glacier's counsel rejected the $2,501 offer in favor of $750 in stipulated damages and the opportunity for costs and fees . . . underscores a belief that Glacier ha[s] a strong legal case for costs and fees." *Id.* at 1039. In addition, since this district's Case Management Order allows copyright holders to sue only one alleged infringer at a time, the injunction against Turchin was "the *best possible result* Glacier could have achieved in this suit." *Id.*

///

///

---

[2] Turchin did not challenge counsel's billable rate, and any objection to the amount is inconsistent with the Ninth Circuit's opinion.

PAGE 4 – OPINION AND ORDER

**B.** **Deterrence**

The interest of deterrence weighs in favor of granting Glacier's motion for attorney's fees. Although Turchin received notice from Glacier that he might be at risk of legal penalties, he continued to use the Internet to pirate copyrighted content, including *American Heist*. *See id.* at 1039-40 (stating that a "court may order fee-shifting to deter repeated instances of infringement") (citation omitted). Accordingly, the interest of deterrence weighs in favor of fee-shifting.

**C.** **The Goals of the Copyright Act**

The Copyright Act is intended to "'promote the Progress of Science and useful Arts' by 'assuring authors the right to their original expression' and 'encouraging others to build freely upon the ideas and information conveyed by a work.'" *Id.* at 1040 (brackets omitted) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 349-50 (1991)). Turchin pirated and distributed *American Heist*. Thus, Turchin's conduct frustrates the goals of the Copyright Act.

**D.** **Objective Unreasonableness**

The objective unreasonableness of Turchin's conduct also supports fee-shifting. Turchin delayed resolution of this case for nearly eight months, adding to Glacier's attorney's fees. For example, Glacier was forced to seek leave to subpoena Turchin for a deposition because he did not respond to letter inquiries, and was forced to file a motion for default because counsel could not reach Turchin for several months during the pendency of this litigation. The unreasonableness of Turchin's conduct during this litigation supports awarding attorney's fees to Glacier.

On balance, the relevant factors this Court must consider support a fee award to Glacier in this case.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Glacier's motion for attorney's fees (ECF

No. 46) and awards attorney's fees in the amount of $4,833.45.

**IT IS SO ORDERED.**

DATED this ___6th___ day of November, 2018.

_____
STACIE F. BECKERMAN
United States Magistrate Judge